Gregory D. Phillips (4645)
Jason P. Eves (9094)
PHILLIPS RYTHER & WINCHESTER
124 South 600 East
Salt Lake City, Utah 84102
(801) 935-4935
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AUDI AG, a German corporation, and VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AUDIUP LLC, a Utah limited liability company doing business as REV MOTORING and TIMOTHY ALMOND SEMPLE, an individual,<br><br>Defendants. | **STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>Civil No.:  2:17-cv-00724 TS<br><br>Judge:  Ted Stewart |

Plaintiffs Audi AG and Volkswagen Group of America, Inc. (collectively "Audi") and defendants Rev Motoring LLC, formerly known as Audiup LLC, and Timothy Almond Semple (collectively "Defendants"), by and through their attorneys of record, hereby agree and stipulate to the following Permanent Injunction and Order of Dismissal With Prejudice regarding Defendants' use of Audi's trademarks and trade dress, including, but not limited to, the AUDI RINGS®, A4®, Q3®, Q5®, RS 5®, RS 6®, RS 7®, and the AUDI GRILLE TRADE DRESS® (hereinafter the "Audi Marks").

## PERMANENT INJUNCTION

1. Defendants and their owners, shareholders, officers, directors, employees, agents, successors, and all persons acting in concert or in participation with any of them are hereby permanently enjoined from:

(a) imitating, copying, or making unauthorized use of any of the Audi Marks, counterfeits thereof, or any confusingly similar variations thereof;

(b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or good, including, but not limited to, any grilles, automobile badges, floor mats, trunk mats, or other goods bearing the Audi Marks or any simulation, reproduction, counterfeit, copy, or any confusingly similar variation of any of the Audi Marks;

(c) using any simulation, reproduction, counterfeit, copy or confusingly similar variation of the Audi Marks or trade dress in Defendants' business name or in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d) using any false designation of origin or false description, including without limitation, any letters or symbols constituting the Audi Marks or trade dress, or performing any act, which can, or is likely to lead members of the trade or public to believe that Defendants and/or any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Audi, or is sold, manufactured, licensed, sponsored, approved or authorized by Audi;

(e) using, registering, maintaining registrations for, or transferring to anyone other than to Audi any Internet domain name that incorporates the Audi Marks, including but not limited to *audiup.com*. Defendants are further ordered to transfer immediately to Audi

2

*audiup.com*, or any other domain names that use names, words, designations, or other symbols confusingly similar to the Audi Marks;

(f) using the business name "Audiup LLC" or any other business name that incorporates the Audi Marks; and

(g) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2. Defendants are further ordered to deliver to Audi and its counsel for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Audi Marks or any confusingly similar variation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

3. Defendants are further ordered to file with the Court and serve upon Audi's counsel within thirty (30) days after entry of this judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

4. Defendants are further ordered to permit Audi, counsel for Audi, and/or auditors for Audi to inspect the premises of Rev Motoring for a period of twelve months after entry of this judgment to assess Defendants' compliance with this Permanent Injunction. During the twelve month period, Audi may only conduct one inspection per quarter and shall give Rev Motoring at least two days' written notice prior to an inspection.

### PARTIES' SETTLEMENT AGREEMENT

Audi and Defendants have entered into a Settlement Agreement for the resolution of the claims asserted in this matter. The Court retains jurisdiction to enforce the terms of said Settlement Agreement.

## **DISMISSAL OF CLAIMS**

Based upon the parties' Stipulation and Settlement, all claims asserted by Audi against Defendants in this action are hereby DISMISSED with prejudice. However, the Court retains and shall have continuing jurisdiction to enforce the terms of this Final Judgment and Permanent Injunction as well as the Settlement Agreement described above, but the clerk will close the case for administrative purposes.

SO ORDERED AND ADJUDGED.

DATED: September 18, 2017.

_____
TED STEWART
UNITED STATES DISTRICT JUDGE

**STIPULATED AND AGREED TO:**

Dated: September 15, 2017.

_____
Peter M. de Jonge
Ian Wang
THORPE NORTH & WESTERN LLP
*Attorneys for Defendants Rev Motoring LLC and Timothy Semple*

_____
Gregory D. Phillips
Jason P. Eves
PHILLIPS RYTHER & WINCHESTER
*Attorneys for Plaintiffs Audi AG and Volkswagen Group of America, Inc.*